# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:08CR336 |
| vs. ) | |
| ) | ORDER |
| MICHAEL WILCOX, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court pursuant to 28 U.S.C. § 636 on the defendant's motion for issuance of four third-party subpoenas *in forma pauperis* (Filing 33). The motion and supporting affidavit were served on opposing counsel.

The defendant's motion for issuance of subpoenas is one for "pre-proceeding document production" pursuant to NECrimR 17.2(b) and Fed. R. Crim. P. 17(c). Under NECrimR 17.2(b), these motions are addressed to the magistrate judge, who is required to make "a preliminary determination whether the material sought is probably relevant and probably admissible. The magistrate judge also determines if the request is specific enough to be intelligently evaluated and may place limits on the requested production."

The following documents are requested:

1. From Methodist Health System:
   A complete copy of Michael Wilcox's personnel file; specifically, any time sheets reflecting the dates and hours of his work for the entire duration of his employment (1999-2008); a copy of any and all performance reviews and/or evaluations.

2. From the Omaha Police Department:

    A complete copy of RB # 36710-N and RB # 85085-G [pertaining to burglaries of the defendant's home and in his neighborhood on unspecified dates]

3. From John Barone Security Systems:

    A complete copy of the security system security agreement and all billing information between John Barone Security Systems and Michael Wilcox, 3947 North 67th Avenue, Omaha, Nebraska 68104, for the time period of 2007 through 2009. All information about the activity on this account is requested.

4. From Cox Communications:

    All information about the internet activity on the account of Michael Wilcox at 3947 North 67th Avenue, Omaha, Nebraska 68104, for the time period of 2000-2009, including but not limited to, the internet service agreement and all billing information between Cox Communications and Michael Wilcox.

Here, the defendant is charged with Receipt and Distribution of Child Pornography (Count 1) and Possession of Child Pornography (Count 2). Both offenses are alleged to have occurred on a specific date, November 18, 2006. The defendant's pending Motion to Suppress (Filing 21, set for hearing March 16, 2010) raises Fifth Amendment issues based on police interrogation techniques and *Miranda* violations.

None of the documents requested appear to be relevant or admissible as to any issue raised in the defendant's Motion to Suppress.

Considering the explanations provided in paragraph 2 of the supporting affidavit (Filing 34), the court seriously questions the documents' potential relevance and admissibility at trial. The charged offenses allegedly occurred on a specific date, November 18, 2006, not

over a period of time. The Cox subpoena, covering a 10-year period, and the Barone Security Systems subpoena, covering a 3-year period, are grossly overbroad.

I find that the defendant has failed to establish that he cannot properly prepare for the trial or the suppression hearing without advance production and inspection of these materials; that the failure to obtain advance production and inspection of these materials may unreasonably delay the proceedings; or that the application is not intended for the purpose of general discovery. NECrimR 17.2(b)(1)(B)-(D).

For these reasons,

**IT IS ORDERED** that defendant's motion (Filing 33) for issuance of third-party subpoenas duces tecum is denied.

A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

**DATED February 12, 2010.**

> BY THE COURT:
>
> s/ F.A. Gossett
> **United States Magistrate Judge**